WHATLEY, Judge.
 

 Michael Farley appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850 in June 2007. The posteonviction court summarily denied each of the six grounds of the motion as untimely, ruling that Mr. Farley failed to establish newly discovered evidence to justify consideration of claims related to his guilty plea and sentence in June 2001. We affirm, without comment, the summary denial of grounds 1 through 5. However, we are compelled to reverse the summary denial of ground 6.
 

 In ground 6, Mr. Farley alleged that a supplemental police report was withheld from him before he pleaded guilty in June 2001. According to Mr. Farley, the police report would have been crucial to his defense, as established by deposition testimony by his former counsel (taken in connection with a prior rule 3.850 proceeding). Mr. Farley asserted that had he been aware of the information contained in the police report, he would not have pleaded guilty and instead would have insisted on proceeding to trial.
 

 The posteonviction court ruled that the claim was untimely because it referred to one of three police reports that were the subject of a rule 3.850 claim filed in July 2003 (amending his prior timely filed rule 3.850 motion). The court reasoned that because it was apparent that Mr. Farley was aware of the existence of the police report in July 2003, the report did not constitute newly discovered evidence excusing the untimeliness of his claim filed in June 2007.
 

 In a motion for reconsideration, Mr. Farley alleged that the supplemental police report at issue in his present rule 3.850 motion was separate and distinct from the three other reports at issue in his prior rule 3.850 motion. He provided factual support for that allegation and also alleged that he first became aware of the supplemental police report in “late 2005.” The posteonviction court denied the motion for reconsideration.
 

 We reverse the summary denial of ground 6 because the record before the posteonviction court did not conclusively establish that Mr. Farley’s claim of newly discovered evidence was untimely. We express no opinion on the merits of the claim.
 

 In this appeal, we did not consider copies provided by Mr. Farley to this court of a portion of the supplemental police report and the transcript of the deposition testimony of his former counsel, which allegedly support his claim. These items were not before the posteonviction court when it considered ground 6 of Mr. Farley’s motion. On remand, Mr. Farley shall make these items part of the record by promptly filing them with the posteonviction court. If the posteonviction court again summarily denies this claim, it shall attach those portions of the record conclusively showing that Mr. Farley is entitled to no relief.
 

 
 *907
 
 Affirmed in part; reversed in part; remanded with directions.
 

 DAVIS and KELLY, JJ., Concur.